UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 10-60194-CR-COHN/SELTZER

UNITED STATES OF AMERICA,

v.

STEVEN STOLL, et al.,

       Defendant.
_____/

## ORDER ADOPTING REPORT AND RECOMMENDATION, OVERRULING OBJECTIONS, AND DENYING MOTIONS TO DISMISS (DE 305, 307, 311)

**THIS CAUSE** is before the Court on the Report and Recommendation on Motions to Dismiss (DE 305, 307, 311) submitted by the Honorable Barry S. Seltzer on November 23, 2010 [DE 548]. Defendant Steven Stoll filed objections to the report [DE 592] on December 7, 2010, and the Government filed a response [DE 612] on December 17, 2010. Defendant Stephen Orchard, who previously adopted Defendant Stoll's motions to dismiss, see DE 326, also filed objections to the report [DE 593] on December 7, 2010, in which he adopted Defendant Stoll's objections.

Pursuant to 28 U.S.C. § 636(b)(1), the Court has conducted a *de novo* review of the report, the underlying motions, responses, replies, sur-reply, objections, and is otherwise fully advised in the premises. For the most part, Defendant Stoll's motions to dismiss address the specificity and sufficiency of the Indictment as it relates to each of the thirty-four counts alleged. Judge Seltzer has provided the Court with an excellent analysis of all issues raised by Mr. Stoll. Since Mr. Stoll's objections essentially reassert the arguments made in his motions and replies, and each is addressed by Judge Seltzer in his thirty-five page report, I find that Judge Seltzer's legal analysis is

correct, and I incorporate his legal analysis into this Order.

There is one area that requires clarification. With respect to the false statement allegations in Counts 26-33, Mr. Stoll maintains that "[t]he Indictment fails to allege a matter within the jurisdiction of HUD, and fails to allege the falsity of the statements listed." Objections, DE 592 at 12. Mr. Stoll contends that these transactions complained of are all private transactions and are not federally related. Therefore, according to Mr. Stoll, the HUD settlement statements do not fall within the jurisdiction of a federal agency or department. The Government asserts that the allegations on page 52 of the Indictment track the language of 18 U.S.C. § 1001 and are thus sufficient to allege HUD's jurisdiction. United States v. Harrell, 737F.2d 971, 975 (11th Cir. 1984). In addition, the Government argues that "[w]hether the false HUD-1s come within the jurisdiction of HUD is strictly a factual issue that can only be resolved at trial. DE 505 at 9.

I agree with the Government. The Indictment does contain sufficient allegations as to the falsity of the statements contained in the HUD-1s and that the HUD-1s used in this case are within the jurisdiction of the United States Department of Housing and Urban Development, a department of the United States. As Judge Seltzer noted, citing United States v. Lutz, 154 F.3d 581, 587 (6th Cir. 1998):

> [There is] no implicit requirement that the [false] statements be made directly to, or even be received by the federal department or agency. False statements made in a matter within the agency's jurisdiction are within the scope of § 1001, and the courts have upheld § 1001 convictions for false statements made to private entities receiving federal funds or subject to federal regulation or supervision.

Report, DE 548 at 23.

Ultimately, it is a question of fact whether these loans were "federally related mortgage loans" as defined by 12 U.S.C. § 2602(1) in order to be within § 1001. Therefore, it is

**ORDERED AND ADJUDGED** that:

1. The Report and Recommendation on Motions to Dismiss (DE 305, 307, 311) filed by Defendant Steven Stoll and submitted by United States Magistrate Judge Barry S. Seltzer [DE 548] is hereby **ADOPTED**;

2. The Objections filed by Defendant Steven Stoll [DE 592] and by Defendant Stephen Orchard [DE 593] are hereby **OVERRULED**; and

3. The Motions to Dismiss filed by Defendant Steven Stoll [DE 305, 307, 311] are hereby **DENIED**.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, on this 20th day of December, 2010.

JAMES I. COHN
UNITED STATES DISTRICT JUDGE

Copies provided to:
Counsel of record