UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 10-60194-CR-COHN/SELTZER

UNITED STATES OF AMERICA,

v.

JOSEPH GUARACINO, et al.,

Defendant.
_____/

## ORDER GRANTING IN PART AND DENYING IN PART GOVERNMENT'S MOTION IN LIMINE RE: LACK OF ACTUAL RELIANCE, LENDER NEGLIGENCE, OR THE PRESENT FORECLOSURE CRISIS

**THIS CAUSE** is before the Court on the Government's Motion in Limine to Preclude Evidence and Argument Referring to Lack of Actual Reliance, Lender Negligence, or the Present Foreclosure Crisis [DE 716]. The Court has considered the motion, the defendants' responses [DE's 746, 755, 756, 806, 817], the Government's replies [DE's 825, 826], and is otherwise advised in the premises.

The Government seeks an order precluding the defendants from presenting evidence of, or argument referring to: (1) any lack of actual reliance by the victim mortgage lenders on the defendants' misrepresentations; (2) any purported or actual negligence by victim mortgage lenders; or (3) the present foreclosure crisis and the Government's action in seeking to resolve the foreclosure crisis. Each defendant has objected and asserted that granting the motion would unconstitutionally restrict the rights to present a "complete defense" and meaningful cross-examination.

Without rehashing all of the arguments, the Court finds that materiality is an essential element of mail fraud, wire fraud, and the false statement statute, and the jury will ultimately determine the issue of materiality. The definition of material statement is

a statement that has "a natural tendency to influence, or [is] capable of influencing, the decision of the decisionmaking body to which it was addressed." Neder v. United States, 527 U.S. 1, 16 (1999). This definition creates an objective standard. The Eleventh Circuit on remand of Neder held that a statement could be material even if the decisionmaker did not actually rely on it. United States v. Neder, 197 F.3d 1122, 1128 (11th Cir. 2003). Therefore, subject reliance by any of the lenders in this case is not relevant. Accordingly, the motion will be granted as to lack of actual reliance by the victim mortgage lenders.

The above finding does not preclude admission of evidence of victim lender encouragement or solicitation of false statements provided there is a showing of the defendant's knowledge of the lender's attitude toward false statements. This evidence would serve to negate a specific intent to defraud and establish a good-faith defense.

As to the current mortgage crisis, the Court finds no relevancy to the elements of the offenses charged or to any recognized defenses asserted. Therefore, such reference to the current mortgage crisis is precluded.

Based on the foregoing, it is

**ORDERED AND ADJUDGED** that the Government's Motion in Limine to Preclude Evidence and Argument Referring to Lack of Actual Reliance, Lender Negligence, or the Present Foreclosure Crisis [DE 716] is hereby **GRANTED in part and DENIED in part** as follows:

1. **GRANTED** as to lack of actual reliance, however **DENIED** as to lender encouragement or solicitation if known to defendant;

2. **GRANTED** as to lender negligence;

3. **GRANTED** as to present foreclosure crisis.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, on this 14th day of February, 2011.

JAMES I. COHN
United States District Judge

Copies provided to:
Counsel of record via CM/ECF