UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 10-60194-CR-COHN/SELTZER

UNITED STATES OF AMERICA,

v.

STEVEN STOLL, et al.,

         Defendants.

_____/

## ORDER RE: SPOLIATION OF EVIDENCE

**THIS CAUSE** is before the Court on Defendant Steven Stoll's Motion to Compel Production in Light of Government Notice that Cooperator Rene Rodriguez Destroyed Documents [DE 666]. Having granted Mr. Stoll's request for an evidentiary hearing [DE 791] on February 15 and 18, 2011, the Court received evidence including testimony (from FDLE Agents Roadruck and Johnson and Cooperating Witness Rene Rodriguez) and documents (correspondence, photographs, and court filings). In addition, the Court heard argument of counsel including counsel for co-defendants who joined in the motion.

Mr. Stoll's motion relates to the spoliation of evidence and the appropriate sanction. Government Cooperating Witness Rene Rodriguez admittedly destroyed evidence in January 2010 by shredding documents including broker files of the Family Lending Group. Mr. Rodriguez did not advise the Government of the shredding until January 11, 2011. Mr. Rodriguez maintained that he shredded the files in conjunction with his decision to close the Family Lending Group. It is believed that between seven and seventeen Family Lending Group broker files involving mostly second tier

properties were destroyed.  Second tier properties were those which were not the primary focus of the investigation, but were subsequently investigated in 2008 and 2009.  The documents shredded were original hard copies that had not been computer scanned.  Although certain lender and title files contain many broker produced documents, there is no means of accurate reproduction of those destroyed files.

Numerous requests and demands were made by defense counsel for the records which had been destroyed six months prior to the return of the instant Indictment.  Eventually, Court orders were entered requiring the production of all the Family Lending Group broker files.  The Government's position up until the time Mr. Rodriguez advised them of the destruction of records was that the hard drive had been provided (see Stoll Exhibit 6—letter from Ms. Rucoba to Mr. Stoll's counsel dated September 14, 2010), the Government had disclosed all records from the Family Lending Group in its possession (see Stoll Exhibit 15—Government's Response to Stoll's Motion to Compel, dated October 25, 2010), the Government was unaware of any other deletes or other obstruction of justice (see Stoll Exhibit 15), and "the Government has provided everything that the Defendant is entitled to that can be classified as Brady material (and much that isn't)" (Stoll Exhibit 16—Government's Response to Stoll's Motion to Compel, dated November 5, 2010).

Mr. Rodriguez has been a Government Cooperator since April 2009.  A proffer letter was submitted on April 14, 2009, and a plea agreement was executed on September 21, 2009.  Mr. Rodriguez pled guilty to the Indictment on August 31, 2010. The Government submits that it does not control Mr. Rodriguez and Mr. Gulla, that they are merely cooperating with the Government.  This is true, however, the Government

does have a duty when discovery demands and Court orders requiring production of documents are received to make inquiry of its cooperating witnesses regarding the requested documents. Contrary to the Government's position, the Court finds cooperating witnesses to be under the unique control of the Government.

The scope of destruction is the Family Lending Group records and files maintained after Vita Dellegrazie left the Family Lending Group in April 2008. As stated above, these files relate to between seven and seventeen mostly second tier properties, the loans being brokered by the Family Lending Group.

The Government had no prior knowledge of Mr. Rodriguez's intent to shred Family Lending Group files and was in no way complicit in the destruction of evidence. The Government was, however, grossly negligent and careless in fulfilling its obligations established by statute, rule, order, and case law. The Government breached its affirmative duties to produce documents and other pertinent information. The question is, what is the appropriate sanction.

Mr. Stoll asserts that dismissal is the appropriate sanction. The Court must respectfully disagree for two reasons: (1) bad faith has not been shown, and (2) the vast majority of the properties at issue concern real estate transactions that occurred between June 2004 and February 2008, whereas the files destroyed related to transactions that occurred after April 2008.

The loss of potentially useful evidence by the Government does not constitute a denial of due process unless the defendant can show that the Government acted in bad faith. Arizona v. Youngblood, 488 U.S. 51 (1988). Negligence does not equate to bad faith.

3

The Court found the district court opinion, <u>United States v. Suarez</u>, Case No. 09-932 (JLL), 2010 WL 4226524 (D.N.J. Oct. 21, 2010), cited by Mr. Stoll's counsel, to be instructive.  Judge Linares stated that the key considerations for determining the appropriate spoliation sanction are:

> (1) The degree of fault of the party who altered or destroyed the evidence;
> (2) The degree of prejudice suffered by the opposing party; and
> (3) Whether there is a lesser sanction that will avoid substantial unfairness to the opposing party and, where the offending party is seriously at fault, will serve to deter such conduct by others in the future.

<u>Id.</u> at *8.  Having considered these factors, this Court finds, as did Judge Linares in <u>Suarez</u>, that the appropriate sanction is an adverse inference instruction.  The adverse inference instruction will advise the jury that they may infer that the records destroyed would have been favorable to the Defendants.

As a result of the failure to preserve relevant evidence and the destruction of relevant evidence, the Defendants have shown prejudice.  Therefore, it is

**ORDERED AND ADJUDGED** that an adverse inference instruction shall be given as a sanction for the spoliation of evidence in this case.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, on this 21st day of February, 2011.

JAMES I. COHN
United States District Judge

Copies provided to:
Counsel of record via CM/ECF