UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 10-60194-CR-COHN/SELTZER

UNITED STATES OF AMERICA,

v.

STEVEN STOLL, et al.,

Defendants.
_____/

### ORDER RE: STOLL'S MOTION IN LIMINE TO EXCLUDE IMPROPER EXPERT WITNESS TESTIMONY

**THIS CAUSE** is before the Court on Defendant Steven Stoll's Motion in Limine to Exclude Improper Expert Witness Testimony [DE 761]. The Court has considered the motion and the Government's response [DE 862], and is otherwise advised in the premises.

Mr. Stoll seeks to exclude the testimony of Government Expert Witnesses Rebecca Walzak and Douglas Pollock because:

1. Many of their opinions lack the requisite factual foundation, amount to pure speculation, and are therefore improper expert testimony and irrelevant; and

2. They each propose to offer highly prejudicial and improper legal conclusions.

In addition, Mr. Stoll asserts a general Daubert challenge to the qualifications of the experts, reliability of expert methodology, and helpfulness of the opinions to the trier of fact.

The Court has previously found Ms. Walzak qualified to render opinions

regarding mortgage loan origination procedures, processing of loans, underwriting procedures, mortgage industry standards, approval processes, and closing processes. See DE 563. This finding was based on her knowledge, expertise, and training.

Likewise, the Court finds Mr. Pollock is qualified to render opinions relating to title and real estate closings based on his knowledge, expertise, and training. Mr. Pollock is a certified fraud examiner who is also certified as an instructor by the Florida Department of Financial Services for courses in real estate closings, real estate transactions, and real estate fraud. Moreover, he has been certified as an instructor by the Florida Bar, and his courses are accepted by the Florida Bar. Mr. Pollock has also presented training courses at the Florida Law Enforcement Training Center and has lectured throughout the country on investigating real estate and mortgage fraud. He has been qualified as an expert witness more than a dozen times, including recently by Judge Dimitrouleas and Judge Ungaro. Mr. Pollock is eminently qualified. Obviously, Mr. Stoll may attack the experts' qualifications before the jury, either on voir dire of the witness or on cross-examination.

The reliability of the opinions expressed by Ms. Walzak and Mr. Pollock appear to pass the Daubert "fit" test. Here, we are dealing with industry standards and their application to documents contained in lender files. With respect to the helpfulness issue, evidence relating to real estate transactions, including financing and closings and documents relating to these transactions, establish a need for someone with specialized knowledge and training to assist the trier of fact to understand the evidence or to determine a fact in issue.

The real issue, as I see it, is the parameters of the experts' testimony. I think the

Government, in its response, DE 862, has accurately stated that the experts should base their opinions on industry standards. The objective standard of whether a statement has a natural tendency to influence or is capable of influencing the decision of the decisionmaking body to which it is addressed will be used as the yardstick for jury determination of materiality. The experts will not be permitted to use the term "material." The issue for the jury will be whether the document has the natural tendency or capability to influence a decision.

The experts will <u>not</u> be permitted to opine as to what any of the lenders in this case <u>actually</u> considered in evaluating the loans. Obviously, the experts can testify as to what documents were in the lenders' files and the effect they may have on a reasonable person employed in the real estate financing industry. Should the experts state opinions as to what factored into a particular lender's decisions in this case, the Court will deem that the door will have been opened and subjective reliance evidence will be permitted.

General criteria used across the industry will be permitted, but specific criteria used by a lender in this case would not be admissible, except to negate an intent to defraud or to show good faith when such information is known to the Defendant.

The experts will be allowed to testify about the relationships and duties between service providers, brokers, lenders, and settlement service providers. In addition, Mr. Pollock will be permitted to testify regarding the responsibilities and obligations of title attorneys and closers, and the fiduciary duties owed by settlement agents to lenders. The fact that Mr. Pollock is not an attorney is of no consequence. He has the knowledge and experience to render such opinions.

3

Neither Ms. Walzak nor Mr. Pollock will be allowed to make a finding of "fraud" by any defendant. They may, however, opine that a statement was misleading or was a misrepresentation.

Ultimately, on the issue of reliance, as the Government stated, "the question is not the actual reliance by a lender on a HUD-1, but rather what a reasonable person in the industry would look to in making their decision." DE 862 at 10. The Court agrees.

Based on the foregoing, it is

**ORDERED AND ADJUDGED** that Defendant Steven Stoll's Motion in Limine to Exclude Improper Expert Witness Testimony [DE 761] is **DENIED**.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, on this 22nd day of February, 2011.

JAMES I. COHN
United States District Judge

Copies provided to:
Counsel of record via CM/ECF