UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 10-60194-CR-COHN/SELTZER

UNITED STATES OF AMERICA,

v.

JOSEPH DEROSA,

      Defendant.
_____/

### ORDER GRANTING GOVERNMENT'S MOTION IN LIMINE TO PRECLUDE POLYGRAPH EVIDENCE

**THIS CAUSE** is before the Court on the Government's Motion in Limine to Preclude Polygraph Evidence [DE 749]. The Court has considered the motion, Defendant Joseph Derosa's response [DE 870], the representations of counsel made in open Court, and is otherwise advised in the premises.

The Court, in its discretion, may admit polygraph evidence if the parties stipulate in advance to its introduction or where the evidence is offered to impeach or corroborate the testimony of a witness. United States v. Piccinonna, 885 F.2d 1529, 1536 (11th Cir. 1989) (en banc).

Relying on United States v. Henderson, 409 F.3d 1293 (11th Cir. 2005), the district court decision in United States v. Duque, 176 F.R.D. 691 (N.D. Ga. 1998), the report of Adalberto Gonzalez, and Mr. Gonzalez's professional vitae, the Court finds that polygraph evidence does not meet the reliability requirements enunciated in Daubert v. Merrell Dow Pharmaceuticals, Inc., 509 U.S. 579 (1993). Since the burden is on the proponent of the evidence to prove reliability, the Government's motion to preclude admission of polygraph evidence will be granted. Additionally, the Court

agrees with the Government and the <u>Duque</u> decision that the polygraph evidence's probative value is substantially outweighed by the danger of unfair prejudice, confusion, or misleading the jury, and is therefore also inadmissible under Federal Rule of Evidence 403.

For the foregoing reasons, it is

**ORDERED AND ADJUDGED** that the Government's Motion in Limine to Preclude Polygraph Evidence [DE 749] is **GRANTED**.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, on this 23rd day of February, 2011.

JAMES I. COHN
United States District Judge

Copies provided to:
Counsel of record via CM/ECF