UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 10-60194-CR-COHN/SELTZER

UNITED STATES OF AMERICA,

v.

STEVEN STOLL, et al.,

      Defendants.
_____/

### ORDER OVERRULING STOLL'S OBJECTIONS TO REPORT AND RECOMMENDATION, ADOPTING REPORT AND RECOMMENDATION, AND DENYING MOTION TO DISMISS FOR PREJUDICIAL PRE-INDICTMENT DELAY

**THIS CAUSE** is before the Court on United States Magistrate Judge Barry S. Seltzer's Report and Recommendation on Defendant Stoll's Motion to Dismiss for Prejudicial Pre-Indictment Delay (DE 752) [DE 853] and Mr. Stoll's Objections to the Report and Recommendation [DE 874].  The Court has conducted a *de novo* review of all submissions relating to Mr. Stoll's Motion to Dismiss, including the transcript of the hearing on said motion held by Judge Seltzer on February 10, 2011, and is otherwise advised in the premises.

Mr. Stoll's primary objection is to Judge Seltzer's alleged failure to provide sufficient notice that the hearing on February 10, 2011 was an evidentiary hearing.  Mr. Stoll maintains that because the Order Setting Hearing stated only that Judge Seltzer would "hear argument on the above Motion," DE 783, it was improper to hold an evidentiary hearing.

A trial court has "wide discretion in determining how it receives evidence on a motion to dismiss based upon pre-indictment delay." United States v. Valona, 834 F.2d 1334, 1340 (7th Cir. 1987).  The court "need only grant an evidentiary hearing on the

issue of outrageous government conduct when the defendant has presented specific facts that are sufficient to raise a significant doubt about the propriety of the government's actions." United States v. Swiatek, 819 F.2d 721, 725 (7th Cir. 1987). The Eleventh Circuit has held that a magistrate judge's decision declining to hold a hearing on a claim of intentional government delay was proper when the defendant "ha[d] pointed to no specific facts or evidence to support his claim of intentional government delay." United States v. Radue, 707 F.2d 493, 495 (11th Cir. 1983).

Mr. Stoll was unable to proffer specific facts showing that the Government intentionally delayed, as he "failed to make even a preliminary showing of deliberate delay for tactical advantage." DE 853 at 5 n.5. Nevertheless, Judge Seltzer permitted Mr. Stoll's counsel the opportunity to inquire of the AUSA with respect to the Government proffer, which Mr. Stoll's counsel did for approximately 30 minutes, but Judge Seltzer denied Mr. Stoll's counsel's request for a separate full-blown evidentiary hearing. Thus, the February 10, 2011 hearing complies with Eleventh Circuit precedent, and does not violate Mr. Stoll's constitutional rights.

Finally, the Court notes that Judge Seltzer's 30-page Report and Recommendation is well-reasoned and presents a thorough analysis of the law and facts relating to prosecutorial delay in bringing an indictment in this case. The undersigned agrees that Mr. Stoll's Motion to Dismiss should be denied. Therefore, it is hereby

**ORDERED AND ADJUDGED** as follows:

1. Defendant Stoll's Objections to Report and Recommendation on Motion to Dismiss for Prejudicial Pre-Indictment Delay [DE 874] are **OVERRULED**;

2. United States Magistrate Judge Barry S. Seltzer's Report and Recommendation on Defendant Stoll's Motion to Dismiss for Prejudicial Pre-Indictment Delay (DE 752) [DE 853] is **ADOPTED**;

3. Defendant Stoll's Motion to Dismiss for Prejudicial Pre-Indictment Delay [DE 752] is **DENIED.**

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, on this 25th day of February, 2011.

_____
JAMES I. COHN
United States District Judge

Copies provided to:
Counsel of record via CM/ECF