UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 10-60194-CR-COHN/SELTZER

UNITED STATES OF AMERICA,

v.

JOHN VELEZ and JOSEPH DEROSA,

    Defendants.
_____/

### ORDER DENYING CORRECTED MOTION FOR NEW TRIAL

**THIS CAUSE** is before the Court on Defendant John Velez's Corrected Motion for New Trial [DE 1308], which was adopted by Defendant Joseph DeRosa [DE's 1331, 1336].  The Court has carefully considered the motion, the Government's response [DE 1364], the record evidence, and is otherwise advised in the premises.

Mr. Velez was found guilty of one count of conspiracy to commit mail and wire fraud, one count of mail fraud, two counts of wire fraud, and one count of false statements within the jurisdiction of HUD.  Mr. DeRosa was found guilty of one count of mail fraud, wire fraud, and false statements within the jurisdiction of HUD.  The Defendants now request a new trial.

A district court has discretion in deciding whether to grant or deny a motion for a new trial, but this discretion has limits.  United States v. Martinez, 763 F.2d 1297, 1312 (11th Cir. 1985).  To grant a new trial, a district court must find that "[t]he evidence [] preponderate[s] heavily against the verdict, such that it would be a miscarriage of justice to let the verdict stand."  Id. at 1313.  In this case, the Court finds that the evidence does not preponderate heavily against the verdict.  Therefore, the Defendants' motion will be denied.

The Defendants' arguments relating to specific trial issues are addressed below.

### 1. Higher Standard

The Defendants assert that the Government argues, in contravention to a ruling in limine, that the Defendant police officers must be held to a higher standard due to their status as police officers.  Evidence of the Defendants' duties and training as police officers was relevant in assessing their credibility, particularly with respect to their defense in not reading loan documents before signing.  This evidence did not alter the standard of proof required for a conviction.  The evidence offered by the Government did not violate the Court's ruling in limine.

### 2. Hallandale Beach Police Application

Mr. Velez argues that introduction of his Hallandale Beach police application was evidence of prior bad acts and should have been excluded for failure to comply with Federal Rule of Evidence 404(b).  It is important to note that at the request of Mr. Velez, the Court redacted three references in the application—drug use, speeding, and disciplinary actions.  Mr. Velez never sought redaction of the salary amount or employment with HART/HALT of which he now complains.  Mr. Velez's later argument for the HART/HALT reference appeared related to "supervisor Joseph Guaracino."  No argument was made that the income listed on the application was a bad act.  In any event, the evidence was properly admitted as relevant to the conspiracy, because the employment application which was prepared solely by Mr. Velez contained the same information allegedly included in the mortgage application submitted by the mortgage brokers.

### 3. Foundation for Handwriting Testimony

An issue was raised as to the sufficiency of the foundation for lay opinion regarding signature comparisons.  The Court ruled that the opining witness must have

been familiar with the defendant's signature from observing that defendant sign a document on at least one occasion. Witness Matt Gulla was permitted to render opinions on two occasions where the foundation established familiarity with the defendant's signature, but not actually witnessing the defendant sign. The Court offered a curative instruction, however, the Defendants declined the offer. Any error here would not have affected the "substantial rights" of any Defendant. See United States v. Stephens, 365 F.3d 967 (11th Cir. 2004).

### 4. Extramarital Affair

When the Government asked Mr. Velez's character witness whether he was aware of Mr. Velez's affair during his marriage, the question was in response to the witness testifying on direct examination that Mr. Velez was a "great husband." The Court addressed the matter at side bar. Out of the presence of the jury, the witness indicated no knowledge of the affair. The Government stated that it had a good faith basis for asking the question in that the information was provided to an agent prior to trial. The fact that Mr. Velez elicited on direct examination that he was a "great husband" invited the question.

Based on the foregoing, it is

**ORDERED AND ADJUDGED** that Defendant John Velez's Corrected motion for New Trial [DE 1308] is **DENIED**.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, on this 22nd day of August, 2011.

*[signature]*
JAMES I. COHN
United States District Judge

Copies provided to:
Counsel of record via CM/ECF